UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Donald J. Weiss, Esq. (7619)
Law Office of Donald J. Weiss
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440

-------------------------------------------------------------------
KIM YANCEY,

              Plaintiff,

-against-

GST399 INC. d/b/a GREENWICH STREET TAVERN
and PONTE EQUITIES INC.,

              Defendants.

-------------------------------------------------------------------

Case No. 18CV8962

## **COMPLAINT**

Plaintiff, KIM YANCEY, by and through her undersigned counsel, hereby files this Complaint and sues GST399 INC. d/b/a GREENWICH STREET TAVERN (the "Bar"), and PONTE EQUITIES INC. (the "Owner"; with the Bar, collectively, "Defendants") for declaratory and injunctive relief, compensatory damages, statutory damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*. ("NYSHRL"), the New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq*. ("NYSCRL"), and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq*. ("NYCHRL"), and alleges:

### **JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq*. This Court is vested with

original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This is an action for compensatory damages and statutory damages pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.*, and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq.* This Court is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the property at issue is located within the Southern District of New York and because all events giving rise to this lawsuit occurred in New York County, Southern District of New York.

4. Plaintiff, KIM YANCEY, (hereinafter referred to as "Ms. Yancey"), is a resident of the State of New York.

5. Ms. Yancey is a qualified individual with a disability under the ADA, the NYSHRL, the NYSCRL, and the NYCHRL. Ms. Yancey is afflicted with a degenerative bone disease and uses a wheelchair for her primary means of mobility.

6. Due to her disability, Ms. Yancey is substantially impaired in several major life activities

7. The Owner owns the property known and designated as 399 Greenwich Street, New York, New York (hereinafter, the "Property"), where the Bar is located.

8. Upon information and belief, the Bar is a lessee of the Property.

9. The Bar a place of public accommodation, a retail establishment selling alcoholic beverages, open to the general public during normal business hours.

10. Defendants are obligated to comply with the ADA.

## FACTS

11. The Property is a place of public accommodation, subject to the ADA.

12. Ms. Yancey often frequents the area of Manhattan known as the "Village" and enjoys patronizing accessible bars and restaurants in the area where the Property is located.

13. Ms. Yancey desires to patronize the Bar.

14. Ms. Yancey has desired to enter the Bar at various times when she has been in the area, the last occasion having been on or about September 20, 2018, and presently desires to enter the Bar.

15. Ms. Yancey personally observed and/or has been made aware of the inaccessible features of the Bar, as discussed below.

16. Ms. Yancey is deterred from trying to enter the Bar as she would be unable to access the goods and services therein due to the architectural barrier to her entry, which still exists.

17. The barriers discussed below are excluding Ms. Yancey from the equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Bar.

18. Ms. Yancey plans to and will visit the Bar in the near future as a patron once the barriers to access alleged herein have been remediated.

19. Upon information and belief, Defendants are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.*, and the Bar is not accessible, as more fully detailed below.

20. An inspection of the Bar was conducted and the following was noted, and the barriers identified as follows:

The Bar is located on the corner of Greenwich and Beach Streets. The entrance is on Beach

Street and consists of double doors, each about 28 inches wide and which open outwards, sitting on top of a step approximately 5 inches high. Inside the entrance is a vestibule with the interior door to your right, which would require Plaintiff to turn inside the vestibule. The vestibule door opens into the vestibule area.

**The following barriers are noted at the entrance**:

a) The step of approximately 5 inches in front of the entrance presents a barrier to Plaintiff's entry, as she is unable to navigate over the step in her wheelchair.

b) Due to the width of each individual entrance door, the Plaintiff would be unable to enter the building without opening both doors at once.

c) There is not enough clearance in the vestibule for Plaintiff's wheelchair to turn.

d) The layout of the vestibule obstructs Plaintiff from making an independent entry as there is insufficient space for her chair to sit within while opening the interior vestibule door when entering.

Past the vestibule is a raised seating area to the immediate left, with a rise of about 6 inches to enter this space. This section is about 8-9 feet long and surrounded by a railing. "Peg leg" style tables are provided in this area and even if the Plaintiff were assisted over the rise, it would be very difficult, if not impossible, for her to navigate in her wheelchair to a table, due to the tables being arranged so closely together. The raised seating area has an open environment with the windows removed so patrons may enjoy the fresh air on the Beach Street side of the restaurant.

To the right of the vestibule is a cashier's stand. Past the cashier, there are 3 built-in booths. The last booth is much larger and it sits atop a raised area of about 4-5 inches. To sit in this larger booth, a person must step up onto the raised floor. None of the 4 booths provides a 30 inch clearance at the end of the table to accommodate a wheelchair.

4

Directly across from the row of booths, somewhat in the center of the restaurant, are those "peg leg" style tables. These tables are up against a partition wall that is about 4 feet high. Past this section is a partition type wall which appears to separate the bar area from the dining area. Bar seating consists of bar height stools and, when the bar area is crowded, would be impossible for Plaintiff to navigate through in her wheelchair.

**The following barriers are noted inside**:

e. Even if the Plaintiff had assistance to enter the Bar, she would not be able to navigate to a table without drawing unwanted attention by having other seated patrons move out of her way.

f. The "peg leg" style tables, with a center base, prevent Plaintiff from sliding beneath the table in her wheelchair .

g. If the plaintiff wished to join in the camaraderie at the bar, there is no lowered section provided for her to sit at the bar, and no lowered table, which is accessible and provided near the bar.

h. If the Plaintiff wished to enjoy the open-air section of the Bar, as others may, there is no ramp for her to access the raised seating area.

i. None of the booths provides a 30 inch clearance at the end of the table to accommodate a wheelchair.

j. There is no clear accessible route for the Plaintiff to navigate through the Bar between the booths and tables.

k. There is no clear floor space available at a table which would allow Plaintiff to sit in her wheelchair at a table without blocking the path of others.

l. Bar policy appears to allow for the movement of tables into areas which create

passage ways under 36 inches wide, so Plaintiff cannot navigate through.

The toilet room is located down a hallway approximately 32 inches wide, at the back of the establishment. There is not enough clearance in the hallway for the Plaintiff to turn her wheelchair to enter the room. Neither of the toilet room doors were marked as handicapped accessible. The toilet room inspected is approximately 2 ½ feet wide from one wall to the wall the sink hangs from. The length of the room is about 5 ½ feet from the door to the toilet wall. The door opens into the room, which does not provide enough space for the Plaintiff to enter and turn to lock the door. There is a very small clear floor space between the toilet and the wall (less than 18 inches) to the left and right of the toilet that does not provide enough space for Plaintiff to transfer to the toilet independently. Even if the Plaintiff chose to leave her wheelchair outside the room, there are no grab bars on the side or rear walls to assist her to navigate to use the toilet. The amenities such as paper towels, soap, mirror and a hook in the toilet room are all over 48 inches high.

**The following barriers to use of the toilet room were noted**:

m. There is not enough clear floor space in the hallway for the Plaintiff to turn her wheelchair and enter the toilet room.

n. There is no toilet room large enough to allow the Plaintiff to enter the room in her wheelchair and turn to close the door.

o. Even if the Plaintiff was able to leave her wheelchair outside the room, there are no railings available on the back and side of the toilet to assist her to use the toilet independently.

p. The amenities such as paper towels, soap, mirror and a purse/coat hook all provided in the toilet room are placed too high for the Plaintiff to use in the same way others can.

21. Further inspection of the Bar is required to determine if any other barriers exist.

22. Upon information and belief, the barrier to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable, including, but not limited to, ramping the entrance, removing the interior vestibule door and providing accessible seating on an accessible route, both inside and outside.

23. Upon information and belief, removal of the discriminatory barriers to access located at the Property are readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendants.

24. Upon information and belief, removal of the barriers to access located at the Bar would provide Ms. Yancey with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Bar.

25. Ms. Yancey has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. §12205.

## **CLAIMS FOR RELIEF**

### CLAIM I

### READILY ACHIEVABLE BARRIER REMOVAL

26. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 20. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### CLAIM II

### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

27. In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 20, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

28. By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

## CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

29. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 20. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

30. In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required, in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

31. The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4) by maintaining and/or creating inaccessible places of public accommodation.

32. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 20. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiffs, containing the following relief:

A.　　Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiffs as to the Defendants' place of public accommodation

B.　　Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, as set forth in this Complaint;

C.　　Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.　　Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.　　Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

F.　　Find that Plaintiffs are prevailing parties in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

G.　　For such other and further relief to which Plaintiffs may be justly entitled.

Dated: October 1, 2018

*Donald J. Weiss*
_____
Donald J. Weiss, Esq. (7619)